UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-81475-CIV-MARRA/JOHNSON

MICHAEL BERTOLINO,

        Plaintiff,

vs.

PALM BEACH COUNTY SHERIFF RIC L.
BRADSHAW, AGENT DOUGLAS DUFF,
AGENT JARROD FOSTER, AGENT DANA
MACLEOD, AGENT RICHARD SILVA,
SERGEANT BRIAN CAHIR, and JOHN/JANE
DOES 1-10,

        Defendants.
_____/

**OPINION AND ORDER**

THIS CAUSE is before the Court upon Defendants Sheriff Ric Bradshaw and Sergeant Brian Cahir's Motion to Dismiss Section 1983 and 1985 Conspiracy Claims (DE 20) and Defendants Duff, Foster, Macleod and Silva's Motion to Dismiss Section 1983 and 1985 Conspiracy Claims (DE 33). The motions are fully briefed and ripe for review. The Court has carefully considered the briefing and is otherwise fully advised in the premises.

**I.    BACKGROUND**

This is an action for damages under 42 U.S.C. § 1983 and § 1985 for alleged violations of Plaintiff's constitutional rights. The facts are taken from Plaintiff's First Amended Complaint and are assumed true for the purposes of Defendants' motions to dismiss.

On the night of February 5, 2009, Plaintiff was driving east on Purdy Lane in West Palm Beach. FAC ¶¶ 11, 14-15. Several blocks after Plaintiff crossed the intersection of Purdy Lane

and Haverhill Road, a pick-up truck emerged from a side street at high speed, cutting off Plaintiff's vehicle and running him off the road.  FAC ¶ 15.  Plaintiff regained control and continued toward the intersection of Purdy Lane and Military Trail.  FAC ¶¶ 21-22.  Plaintiff stopped at the intersection's traffic signal, alongside the pick-up truck from moments earlier.  FAC ¶ 23.  Plaintiff and the pick-up truck's driver—Officer Douglas Duff of the Palm Beach County Sheriff's Office—began shouting at each other through their vehicle windows.  FAC ¶¶ 16, 24.  The men then exited their vehicles and continued the shouting in the street.  FAC ¶ 25.  As the men argued, Officers Jarrod Foster, Dana Macleod, and Richard Silva—who were driving a separate vehicle trailing Officer Duff's pick-up truck—"approached [Plaintiff] from behind without announcing their presence" and "took him to the ground forcefully."  FAC ¶¶ 17-20, 27-29.  Plaintiff was then handcuffed, kicked, and beaten by the officers.  FAC ¶¶ 31-38.

After his alleged beating, Plaintiff demanded to speak to the officers' supervisor.  FAC ¶ 41.  Minutes later, Sergeant Brian Cahir arrived at the scene.  FAC ¶ 41.  Sergeant Cahir told Plaintiff that the officers were working with agents of another department in pursuit of a suspect in an unrelated matter.  FAC ¶ 41.  Sergeant Cahir then threatened that if Plaintiff filed a complaint against "my officers, . . . we'll think of something to charge you with, we have up to a year."  FAC ¶ 42.  Sergeant Cahir then directed Plaintiff to "lick your wounds, put your tail between your legs and go home."  FAC ¶ 43.  Plaintiff drove home and attended to his injuries.  FAC ¶ 45.

Plaintiff went to the hospital the following morning, suffering from intense abdominal pain.  FAC ¶ 46.  Plaintiff alleges that the officers' assault caused permanent injury and suffering, which require medication for the rest of his life.  FAC ¶ 47.

On April 28, 2010, Plaintiff filed his First Amended Complaint.  (DE 15).  Plaintiff alleges that "each Defendant, directly or indirectly, violated the constitutional rights of the Plaintiff" and that Sheriff Bradshaw was responsible for "policies and customs of tolerating use of unreasonable and excessive force, failing to address complaints about officers and permitting a code of silence to exist in the department."  FAC ¶ 4.  Plaintiff's complaint contains two counts: (I) violation of constitutional rights under 42 U.S.C. § 1983 and § 1985 against all Defendants, and (II) battery under Florida law against Officers Duff, Macleod, Foster, and Silva.  FAC ¶¶ 48-61.  Defendants now move to dismiss portions of Count I for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.     Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to give the defendant fair notice of what the plaintiff's claim is . . . and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility

3

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.  When considering a motion to dismiss for failure to state a claim, the court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) (internal quotation marks omitted).

### III.   Discussion

#### A.   Section 1985

While the First Amended Complaint does not allege the specific subsection of Section 1985 upon which Plaintiff's claim is based, Plaintiff's response memorandum clarifies that his claim is premised upon Section 1985(3).  To state a claim under Section 1985(3), "a plaintiff must allege: (1) defendants engaged in a conspiracy; (2) the conspiracy's purpose was to directly or indirectly deprive a protected person or class the equal protection of the laws, or equal privileges and immunities under the laws; (3) a conspirator committed an act to further the conspiracy; and (4) as a result, the plaintiff suffered injury . . . ." *Jiminez v. Wellstar Health Sys.*, 596 F.3d 1304, 1312 (11th Cir. 2010).

Defendants argue that Plaintiff's claim fails under the second element because Plaintiff does not allege that he is a member of a protected class nor that Defendants' alleged conduct was motivated by class-based animus.  Defs.' Mot. at 5.  Plaintiff concedes that the First Amended Complaint fails to allege any class-based motivation behind Defendants' alleged conduct.  *See* Pl.'s Mot. at 3 ("Plaintiff concedes there must be some racial or otherwise class-based invidiously discriminatory animus behind the conspirators' action and that none has been

4

alleged."). Accordingly, Plaintiff "agrees that the conspiracy claim under Section 1985(3) should be dismissed." Pl.'s Mot. at 3. The Court agrees with the parties that Plaintiff has failed to allege any discriminatory intent and that, therefore, his Section 1985(3) claim must be dismissed. *See, e.g.*, *Trawinski v. United Tech.*, 313 F.3d 1295, 1299 (11th Cir. 2002) ("[A] claim under § 1985(3) requires the proof of invidious discriminatory intent.").

  B.  *Section 1983*

Defendants next move to dismiss Plaintiff's Section 1983 claims that are premised on an alleged conspiracy.[1] Defendants argue that Plaintiff has not alleged any facts suggesting that the Defendants reached an agreement to violate Plaintiff's constitutional rights, and therefore Plaintiff has failed to sufficiently plead a Section 1983 conspiracy. The Court agrees.

"To establish a prima facie case of Section 1983 conspiracy, a plaintiff must show, among other things, that the defendants reached an understanding to violate his rights." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002) (internal quotation marks omitted); *Wilbourne v. Forsyth Cnty. Sch. Dist.*, 306 Fed. App'x 473, 478 (11th Cir. Jan. 5, 2009) ("To prove a § 1983 conspiracy, 'a plaintiff must show that the parties reached an understanding to deny the plaintiff . . . her rights . . . . The linchpin for conspiracy is agreement.'") (quoting *Bailey v. Bd. of Cnty. Comm'rs*, 956 F.2d 1112, 1122 (11th Cir. 1992) (first alteration in original)). Here, Plaintiff alleges no facts regarding an agreement or understanding among Defendants to violate his rights, and he has thus failed to allege a prima facie case of Section 1983 conspiracy.

---

[1] Defendants do not challenge Plaintiff's Section 1983 claims that are based upon the Defendants' individual conduct. Thus, Plaintiff's Section 1983 claims premised upon individualized conduct are not subject to dismissal at this stage.

Plaintiff's only mention of conspiracy is the assertion that "the Defendants were co-conspirators engaged in a scheme and conspiracy designed to deny and deprive [Plaintiff] of his liberty interest protected under the Fourth and Fourteenth Amendments to the Constitution." FAC ¶ 53.  Absent from the First Amended Complaint, however, are any factual allegations describing Defendants' alleged agreement.  Plaintiff's single, conclusory assertion of conspiracy, without supporting facts, fails to provide "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570); *see also Gillins v. Watson*, No. 09-779, 2009 WL 2868633, at *3 (M.D. Fla. Aug. 31, 2009) ("[T]he naked assertion of a conspiracy without supporting, operative facts establishing an agreement between the defendants, and a common plan to put the agreement into effect, is insufficient to implicate § 1983 liability.") (internal quotation marks omitted).

Accordingly, the Court will dismiss Plaintiff's Section 1983 conspiracy claims.  Plaintiff may amend the First Amended Complaint, if in good faith he can, to allege facts supporting the existence of an agreement among Defendants to violate Plaintiff's constitutional rights.

## IV.     Conclusion

For the reasons set forth above, it is hereby **ORDERED AND ADJUDGED** that Defendants Sheriff Ric Bradshaw and Sergeant Brian Cahir's Motion to Dismiss Section 1983 and 1985 Conspiracy Claims (DE 20) and Defendants Duff, Foster, Macleod and Silva's Motion to Dismiss Section 1983 and 1985 Conspiracy Claims (DE 33) are **GRANTED**.  Plaintiff's claims under 42 U.S.C. § 1985 are **DISMISSED WITHOUT PREJUDICE**.  Plaintiff's conspiracy claims under 42 U.S.C. § 1983 are **DISMISSED WITHOUT PREJUDICE**. Plaintiff is granted leave to amend the First Amended Complaint within ten (10) days of the date

of entry of this Order, if he chooses, to allege facts supporting a claim under 42 U.S.C. § 1985 or a conspiracy claim under 42 U.S.C. § 1983.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 8th day of December, 2010.

                                                        KENNETH A. MARRA
                                                        United States District Judge

Copies to:
Counsel of Record